Alejandra Melgarejo **DE ARREOLA,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04–70845.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.[*]

Filed July 28, 2006.

Melanie M. Yang, Esq., Rose, Rose & Hammill, LLP, Beverly Hills, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM [**]

Alejandra Melgarejo De Arreola, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order affirming without opinion an immigration judge's decision denying her

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

application for cancellation of removal. We dismiss the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Melgarejo De Arreola failed to show exceptional and extremely unusual hardship to her two United States citizen children. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929–30 (9th Cir.2005).

Melgarejo De Arreola's contention that the agency deprived her of due process by acting contrary to law and failing to consider the hardship factors in the aggregate is not supported by the record and does not amount to a colorable due process claim. *See id.* ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."); *see also Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001) (holding that the "misapplication of case law" may not be reviewed).

**PETITION FOR REVIEW DISMISSED.**